# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| VICTOR HENRY, JR., <br><br> Plaintiff, <br><br> v. <br><br> A. GIOVANNINI, et al., , <br><br> Defendants. | 2:06-CV-1599- JCM (GWF) <br><br> Date:       N/A <br> Time:       N/A |

## ORDER

Presently before the court is defendant A. Giovannini's motion to dismiss (#11) filed on February 26, 2007. On March 8, 2007, Plaintiff Victor Henry, Jr. filed a response (#16). Giovannini filed a reply (#15) on March 12, 2007.

In the motion to dismiss, Giovannini argues the complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Giovannini notes that plaintiff's complaint (#3) clearly states on page 2, paragraph 2 that Giovannini is sued exclusively in his official capacity. Giovannini argues a § 1983 action against an individual in his official capacity is only an action against the defendant's governmental employer.

In response to the motion to dismiss, Henry simply restates the factual allegations underlying his cause of action. Henry also attaches court and police records documenting abuse and neglect proceedings filed against him.

"Official-capacity suits...generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Henry's

**James C. Mahan**
**U.S. District Judge**

1  complaint expressly designates in his complaint that he is suing Giovannini only in his official
2  capacity.  As such, the action is actually against the City of Henderson.
3    Under § 1983, a municipality can only be held liable if the alleged deprivation of federal
4  rights is caused by its own "custom, policy or practice."  *Monell v. N.Y. City Dept. of Soc. Servs.*,
5  436 U.S. 658, 690 (1978).  There are no allegations in the complaint that Giovannini followed any
6  custom, policy or practice of the City of Henderson Police Department.  When a complaint fails to
7  allege a policy, custom or practice motivated the defendant's actions in an official-capacity suit, it
8  fails to state a claim as a matter of law.  *See Neveu v. City of Fresno*, 392 F.Supp.2d 1159, 1178-79
9  (E.D. Cal. 2005) (grating defendant's motion to dismiss for failing to identify or define a policy of
10  the municipality in the complaint).
11    Since Giovannini is explicitly sued in his official capacity and the complaint fails to allege
12  he acted pursuant to custom, policy, or practice of the City of Henderson, Henry's complaint fails
13  to state a claim as a matter of law.
14    IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant Giovannini's
15  motion to dismiss (#11) be, and the same hereby is, GRANTED without prejudice.
16    DATED this 29th day of March, 2007.

*[signature]*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 2 -